FILED

MAY 1 6 2019

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

Southeastern _____ **DIVISION**

Dante Criddle #1279151                    )
)
)
*(Write the full name of the plaintiff in this action.*          )
*Include prisoner registration number.)*              )
)
**v.**                        )
)
Jason Lewis                     )
Benjamin Crass                    )
Jason Wilson                     )
Cole Hansen                     )
Meaan ( First Name Unknown )            )
*(Write the full name of each defendant. The caption*       )
*must include the names of **all** of the parties.*        )
*Fed. R. Civ. P. 10(a). Merely listing one party and*      )
*writing "et al." is insufficient. Attach additional*        )
*sheets if necessary.)*                 )

Case No: _____
*(to be assigned by Clerk of District Court)*

Plaintiff Requests Trial by Jury
☑ Yes    ☐ No

## PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

*NOTICE:*

*Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number. A filing may include only: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.*

*Except as noted in this form, plaintiff should not send exhibits, affidavits, witness statements, or any other materials to the Clerk's Office with this complaint.*

*In order for your complaint to be filed, it must be accompanied by the $400.00 filing fee or an application to proceed without prepayment of fees and costs.*

## I.    The Parties to this Complaint

### A.    The Plaintiff

Name: Dante Criddle

Other names you have used: N/A

Prisoner Registration Number: 127951

Current Institution:
Southeast Correctional Center

Indicate your prisoner status:

☐ Pretrial detainee          ☑ Convicted and sentenced state prisoner

☐ Civilly committed detainee    ☐ Convicted and sentenced federal prisoner

☐ Immigration detainee        ☐ Other (explain): _____

### B.    The Defendant(s)

To the best of your knowledge, give the information below for each defendant named in the caption of this complaint. Make sure the defendant(s) named below are the same as those listed in the caption of this complaint. Attach additional pages if necessary.

For an individual defendant, include the person's job title, and check whether you are suing the individual in his or her individual capacity, official capacity, or both.

**Defendant 1**

Name: Jason Lewis

Job or Title: Warden Of Operations S.E.C.C.

Badge/Shield Number: N/A

Employer: Missouri Department Of Corrections

Address: 300 E. Pedro Simmons Drive, Charleston, MO.

✓ Individual Capacity          ✓ Official Capacity

2 of 26

**Defendant 2**

Name: Benjamin Crass

Job or Title: Correctional Officer (II) (Sgt.)

Badge/Shield Number: E.0134996

Employer: Missouri Department Of Corrections

Address: 300 E. Pedro Simmons Drive, Charleston, MO.

☑ Individual Capacity        ☑ Official Capacity

## II.  Statement of Claim

Type, or neatly print, a short and plain statement of the **FACTS** that support your claim(s).  For every defendant you have named in this complaint, you must state what he or she personally did to harm you.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Do not make legal arguments, or cite court cases or statutes. You may attach additional pages if necessary.

Your statement of claim must include all of the following information:

1.    What happened to you?
2.    When did it happen?
3.    Where did it happen?
4.    What injuries did you suffer?
5.    What did each defendant personally do, or fail to do, to harm you?

( See Attached Pages # 5 Through # 19 )

( Continued From Page 2 I. Defendants (b). )

Defendant #3.

Name: Jason Wilson

Job or Title: Correctional Officer (I.)

Badge /Shield Number: N/A

Employer: Missouri Department Of Corrections

Address: 300 E. Pedro Simmons Drive), Charleston, MO.

_____✓_____ Individual Capacity _____✓_____ Official Capacity

Defendant #4.

Name: Cole Hansen

Job or Title: Correctional Officer (I)

Badge /Shield Number: E 0138994

Employer: Missouri. Department Of Corrections

Address: 300 E. Pedro Simmons Drive), Charleston, MO.

_____✓_____ Individual Capacity _____✓_____ Official Capacity

Defendant #5

Name: Megan (Last Name Unknown)

Job or Title: Nurse

Badge /Shield Number: N/A

Employer: Missouri Department Of Corrections\ Corizon Medical Services.

Address: 300 E. Pedro Simmons Drive. Charleston, MD.

_____✓_____ Individual Capacity _____✓_____ Official Capacity

## II. Statement Of Claim

(1.) Plaintiff Dante Criddle #MDOC#1279151 Is Currently Being Confined At Southeast Correctional Center. Charleston Missouri.

(2.) Plaintiff Criddle Is Currently Being Housed In Administrative Segregation.

(3) On January 29th, 2019, Plaintiff Criddle Was Being Housed And Confined In (#2) Housing Unit, (B) Wing, Cell (#114). Amhistrative Segregation.

(4.) On January 29th, 2019, Between The Time Of 9:00a.m And 10:30 a.m. Correctional Officer Defendant Cole Hansen (I.-D. #E0138994) Approached Plaintiffs' Criddle Cell. Then Open The Food Slot.

(5.) Defendant Hansen Then Gave Plaintiff Criddle A Direct Order To Turn Around An Stick His Hands Out Of The Food Slot Inorder For Him To Place Handcuff Restraints On Him. Plaintiff Criddle Complied With Defendant Hansen Orders.

(6.) After Defendant Hansen Applied The Handcuff Restraint On Plaintiff Criddle. Plaintiff Criddle Inquired About The.

- Reason For Being Placed In Handcuff- Restraints. D-
efendants Hansen Told Plaintiff Criddle To Not Question
Him. And To Just Do As He Directed Plaintiff Criddle
To Do.

(7.) Several Minutes Later, Correctional Officer Defendant
Jason Wilson Escorted Another Prisoner To Plaintiff
Criddle Cell Door, This Prisoner Name Is Joseph Harris.
Joseph Harris Was Also Confined In Handcuff Restraints.

( 8. ) Defendant Wilson Informed Plaintiff Criddle That Pr-
isoner Harris Is Going To Be His New Cell Mate. Plaint-
iff Criddle At That Time Informed Defendant Wilson An
Hansen That Prisoner Harris And Him Has Had Passed
Issues.

( 9. ) Plaintiff Had Informed Defendants' Wilson And Hans
en That Prisoner Harris Alleged That Plaintiff Criddle Ha-
-d Spit Saliva On His Face Area.

( 10.) Plaintiff Criddle Had Also Made Defendants' Wilso
And Hansen Aware That Prisoner Harris Is Enrolled In The
Prisons Mental Heath Programs. And That Prisoner Harris Is A -

Mental Health Patient. That Is Suffering From Multipule Mental Disabilities That Requires Prisoner Harris To Take Several Mental Health Prescribed Psychotic Medications.

( 11.) Plaintiff Criddle Clearly Informed Defendants' Wilson And Hansen That If They Place Prisoner Harris In The Cell With Him. Prisoner Harris Is Going To Attack And As--sault Plaintiff Physically.

( 12. ) Defendant Wilson Told Plaintiff Criddle That Prisoner Harris Is A Coward. And That Prisoner Harris "Is Not Going To Harm A Fly." Defendant Wilson Also Told Plaintiff Criddle That All Prisoner Harris Does Is Talk "Tuff Shit". Defendant Wilson Also Stated That If Prisoner Harris Does What He Says , Defendant Wilson Said He Will Give Prisoner Harris A Cigarette Or An Extra Food Tray Whatever Prisoner Harris Chooses.

( 13.) Defendant Hansen Stated That He's Putting His Money On Plaintiff Criddle. Plaintiff Criddle Then Requested Protective Custody. Defendant Hansen And Wilson Denied Plaintiff Criddle Request.

(14.) Defendant Wilson Then Radio To The Control Center To Open Plaintiff Criddle Cell. Prisoner Harris Was Then Placed In The Cell With Plaintiff Criddle.

(15.) Defendant Wilson Then Directed Prisoner Harris To Place His Hands Out Of The Food Slot. Defendant Wilson Then Removed The Handcuff Restraints Off Of Prisoner Harris. Plaintiff Criddle Wasn't Able To Place His Hands In The Food Slot To Have The Handcuff Restraints Removed. Prisoner Harris Refused To Allow Plaintiff Criddle To Place His Hands In The Food Slot. Prisoner Harris Began To Physically Assault Plaintiff Criddle While He Was Still In Handcuff Restraints.

(16.) Prisoner Harris Struck Plaintiff Criddle Multipule Times. Repeatedley In The Head And Face Area With His Closed Fist.

(17.) Prisoner Harris Punched Plaintiff Criddle In The Eyes. Swelling Both Eyes Shut. Prisoner Harris Punched Plaintiff Criddle In The Nose Making It Bleed. Prisoner Harris Punched Plaintiff Criddle In The Lips. Splitting Open Both His Bottom And Top Lips.

(18.) Plaintiff Criddle Begged And Screamed For The Defendants Wilson And Hansen To Stop Prisoner Harris From Be-

-ating Him. Defendants Wilson And Hansen Refuse To Stop Prisoner Harris From Assaulting Plaintiff Criddle.

(19.) Prisoner Harris Began To Bang My Head Against The Cell Concrete Wall. This Caused Plaintiff Criddle Forehead To Sp- -lit Open And Bleed. Plaintiff Criddle Had Large Contusions And Knots On His Forehead. Prisoner Harris Knocked Plaintiff -Criddle Unconcious. Prisoner Harris Allowed Plaintiff Criddle Body To Drop To The Floor.

(20.) Prisoner Harris Stomped And kicked Plaintiff Criddle While He Was Lying On The Floor Unconcious. Prisoner Harris Then Placed Plaintiff Criddle In The Choke Hold And Began To Choke Plaintiff Criddle To Death.

(21.) Other Prisoners Began To Scream And Yell And Kick On There Cell Doors Making Noise Inorder To Make Defendants Wi- -lson And Hansen Stop Prisoner Harris From Beating On Plai- ntiff Criddle. One Of The Prisoners That Told Defendant W- lson To Stop The Prisoner Harris From Assaulting Plaintiff Criddle In Handcuff Restraints. This Prisoner Name Is George Proby Jr. MDOC #1237464. This Prisoner Was Being Housed In Cell (#112). Only Two Cells Down From Plaintiff Criddle.

(22.) Defendant Wilson Took Out His Can Of Chemical Agent (Mace). And Sprayed Plaintiff Criddle Directly In The Eyes And Face Area. Repeatedly.

(23.) Prisoner Harris Was Allowed To Physically Assault Plaintiff Criddle Continually For (15) Minutes Or More. While Plaintiff Criddle Was In Handcuff Restraints And Unable To Defend His-Self. While Defendants Wilson And Hansen Stand Outside The Cell Door And Observe.

(24.) Several Unknown Correctional Officers Along With Sgt. Defendant Benjamin Crass (I.D E0134996) Arrived On The Scene Prisoner Harris Was Given A Directive To Submit To Handcuff Restraints. Which He Complied And Was Removed Out Of The Cell.

(25.) Plaintiff Criddle Was Removed Out Of The Cell By Defendant Wilson And Crass. Defendant Wilson And Crass Had Threaten Plaintiff Criddle. Defendant Wilson Told Plaintiff Criddle To Not Mention Anything About Prisoner Harris Assaulting Him. Defendant Crass Also Told Plaintiff Criddle That He Can Place Him In The Cell With Anybody He Chooses.

(26.) Plaintiff Criddle Was Placed Back In The Same Cell. Cell #114. Plaintiff Criddle Requested Serious Medical Treatment. Nurse Defendant Megan Was Called To Treat Plaintiff Criddle. Defendant Megan Never Fully Examine Plaintiff. Defendant Megan Seen Plaintiff Through The Cell Door Window. Defendant Megan Told Plaintiff Criddle Theres Nothing Seriously Wrong With Him Just A Few Bruises And Bumps. Defendant Megan Told Plaintiff To Put In A M.S.R. (Medical Service Request) To Be Seen At Sickcall.

(27.) Plaintiff Criddle Requested Serious Medical Treatment For His Serious Injuries. Plaintiff Criddle Had A Split Forehead That Was Bleeding. A Busted Bottom And Top Lip. Two Eyes That Was Black And Swollen Shut. A Busted Nose. Sore Back And Ribs. And Blurry Double Vision And Headaches. Defendant Megan Told Plaintiff These Aren't Life Threatening Emergency. Defendant Megan Denied Plaintiff Criddle Serious Medical Attention.

(28.) Plaintiff Criddle Had Submitted Multiple Sick Call Request To Be Seen For The Injuries He Sustain From The Brutal Beating And Assault He Recieved From The Hands Of Prisoner Harris. Plaintiffs' Sick Call Request Have Been Destroyed –

- And Denied. Defendant Megan Was Then The Head Supervisor Over The Sick Call Process. Defendant Megan Was Terminated From Working At The Prison For Unknown Reasons.

( 29.) Plaintiff Criddle Has Attempted To Address His Complaint Through The Prison Administrative Greivance Process. But Plaintiff Criddle Is Being Denied Access To Any Available Administrative Remendies.

( 30.) Plaintiff Criddle Has Personally Written The Warden Of Prison Operations Jason Lewis Concerning The Incident Involving Prisoner Harris Assaulting Plaintiff. And Plaintiff Being Denied Access To The Prison Greivance Process. Plaintiff Criddle Has Made Every Effort To Comply With The Prison Administrations Greivence Process. But Plaintiff Criddle Is Still Being Denied Access.

( 31. ) Defendant Jason Lewis Sent Out A Memo. Back On December, 2018. Directing All Correctional Officers To Inform All Prisoners That If Any Refuse To Move Into A Cell With Another Prisoner. Physical Force Will Be Used To Placed The Prisoner In The Cell. And A Major Disciplinary Report Will Be Written. Defendant Jason Lewis Stated That Protective Custody Prisoner Is No Exception. This Resulted In Plaintiff Criddle Being Assaulted.

Inst Legal Theory (In Support Of Statement Of Claim)

(32.) Defendant Jason Lewis Is Employed With The Missouri Department Of Corrections. Jason Lewis Is The Warden Of Operations For The Southeast Correctional Center Located In Charleston Missouri. Jason Lewis Sent Out A Memo Notifying All Correctional Officers To Force Prisoners To Cell With Other Prisoners No Matter What The Circumstances Or Issues Maybe. Defendant Lewis Gave His Correctional Officers The Authority To Force Physically Any Prisoner Who Refused To Cell With Another Prisoner. No Matter What The Case Or Issues Maybe. Defendant's Lewis Written Policy Placed Plaintiff Criddle Life And Health Endanger. Defendant Lewis Memo Forced Prisoner Harris In Plaintiff Criddle Cell. Which Resulted In Plaintiff Criddle Being Physically Assaulted In Handcuff Restraints. Defendant Lewis Memo Barred Prisoner Harris From Refusing Plaintiff Criddle As A Cell Mate. And From Allowing Plaintiff Criddle From Requesting And Receiving Protective Custody From Prisoner Harris Defendant Lewis Memo And Actions Was Deliberate Indifferent Towards Plaintiff Criddle Life, Health, And Well Being. Defendant Lewis Actions Caused Plaintiff Criddle To Be Brutally Beaten. And Receive Serious Injuries To The Face, Head, And Body Area. Defendant Lewis Actions Caused Plaintiff Criddle.

- Severe And Extreme Pain And Suffering. Defendant Lewis's Actions Violated Plaintiffs' Right To Be Free From Cruel And Unusual Punishment, Which Violated The (8th) Amendment Of The U.S. Constitution. (See Statement Of Claim Paragraphs #30 And #81  )

( 33.) Defendant Benjamin Crass (I.D. E0134996) Is Employed With The Missouri Department Of Corrections. Defendant Crass Is A Correctional Officer (II) (Sgt.). Defendant Crass Was The Supervisor Of Housing Unit (#2) At Southeast Correctional Center During The Time Of The Incident With Plaintiff Criddle On January 29th, 2019. Defendant Crass Was Well Aware Of Prisoner Harris' Refusal To Cell With Any Other Prisoner Including Plaintiff Criddle. Prisoner Harris Had Requested Protective Custody, And To Be Placed In Housing Unit (#1) Which Is Single Man Cell Status. Defendant Crass Denied Prisoner Harris' Request. Defendant Crass Informed Prisoner Harris That He Would Be Placed In A Two Man Cell Either By Choice Or Physical Force. Defendant Crass Was Deliberate Indifferent Towards Plaintiff Criddle Life, Health, And Well Being. Defendant Crass Placed Plaintiff Criddle Life At Risk By Placing An Unstable, Mentally Disturbed Prisoner In Plaintiffs' Cell.

- Defendant Crass Actions Also Caused Severe Physically Damages To Plaintiff Criddle Head, Face, And Body Area. Defendant Crass Caused Plaintiff Criddle To Experience Extreme Pain And Suffering White Plaintiff Was Still In Handcuff Restraints. And Unable To Protect His Self. From Prisoner Harris. Def- -endant Also Denied Plaintiff Serious Medical Treatment By Re- -fusing To Direct The Nurse Defendant Megan To Fully Examine Plaintiffs' Criddle Injuries. Defendant Crass Also Threaten Plain- -tiff Criddle With Further Bodily Harm If Plaintiff Criddle Report The Incident To The Prison Administration, Or Further See Medical Treatment. Defendant Actions Violated Plaintiffs Right To Serious And Adequate Medical Treatment. And The Right To Be Free From Cruel And Unusual Punishment, Defendant Crass Failure To Protect Plaintiff Criddle, Violates The (1)st, (4th), (14th) An (8th) Amendment To The United States Constitution. (See Statement Of Claim Paragraphs #24, #25 And #26 )

(34.) Defendant Cole Hansen (I.D. EO138994) Is Employed With The Missouri Department Of Corrections. Defendant Hansen Is A Correctional Officer (I). Defendant Hansen Was Working Housing Unit #(2) At Southeast Correctional Center. During The Time Of The Incident With Plaintiff Criddle On January 29th, 2019.

- Defendant Hansen Refused To Allow Plaintiff Criddle To Request Protective Custody. Defendant Hansen Intentionally Placed Plaintiffs' Criddle Life, Health, And Well Being In Danger By Forcing Plaintiff To Remain In The Same Cell With Prisoner Harris Even After Plaintiff Criddle Informed Him That Prisoner Harris Was His Enemy. Defendant Hansen Totally Disregarded Plaintiff Criddle And Forced Him To Cell With Prisoner Harris. Defendant Hansen Failed To Protect Plaintiff Criddle By Leaving Him In Handcuff Restraints Behind Plaintiffs' Back. Defendant Hansen Allowed Prisoner Harris To Brutally Beat, Punch, Kick Plaintiff Criddle In The Head, Face, And Body Repeatedly, While Choking Plaintiff. Defendant Hansen Allowed Plaintiff Criddle To Be Assaulted For Over (15) Minutes. Defendant Hansen Actions Was De-liberate Indifferent Towards Plaintiffs' Physical Health, And Life. Defendant Hansen Actions Caused Plaintiff To Recieve Serious Injuries And Extreme Pain And Suffering. Defendant Hansen Had Intentions To Inflict Pain Maliciously. Defendant Hansen Refuse To Allow Plaintiff To Recieve Serious Medical Treatment For His Injuries. Defendant Hansen Actions Toward Plaintiff Violated Plaintiff Rights To Serious And Adequate Medical Care, Rights To Be Free From Cruel And Unusual Punishment. Defendant Hansen Failure To Protect Plaintiff Violates The (1st), (4th), (14th) And (8th) Amendment To The United States Constitution. (See St-

- atement Of Claim Paragraphs #1, Through #21              ).

(35.) Defendant Jason Wilson Is Employed With The Missouri Department Of Corrections. Defendant Wilson Is A Correctional Officer (I). Defendant Wilson Was Working Housing Unit (#2) At Southeast Correctional Center During The Time Of The Incident With Plaintiff Criddle On January 29th, 2019. D--efendant Wilson Refused To Allow Plaintiff Criddle To Request Protective Custody. Defendant Wilson Refuse To Allow Prisoner Harris To Request Protective Custody. Defendant Wilson Inten--tionally Placed Prisoner Harris In The Cell With Plaintiff Cri--ddle Even After Prisoner Harris Threaten To Assault Plaint-iff Criddle While He Is Still In Handcuff Restraints. Defen--dant Wilson Even Made A Promise To Give Prisoner Harris Contraband Items If Prisoner Harris Assaults Plaintiff Criddle. Defendant Wilson Allowed Prisoner Harris To Physically Assault Plaintiff Criddle. Defendant Wilson Allowed Prisoner Harris To Punch, Kick, Stomp, Plaintiff Criddle Until He Was Knocked Unconcious. Defendant Wilson Allowed Plaintiff Criddle To Be Brutally Assaulted By Prisoner Harris For Over (15) Minute While Watching It Happen. Without Trying To Stop The Assault. Defendant Wilson Actions Was Deliberate Indifferent Towards Plaintiffs' Life, Health, And Well Being. Defendant Wilson Action

—s Was Intentional Inorder To Cause Severe Injuries, Pain And Suffering Maliciously. Defendant Wilson Denied Plaintiff Serious Medical Treatment. Defendant Wilson Threaten Plaintiff To Not Report Being Assaulted By Prisoner Harris Or Seek Medical Treatment Or Plaintiff Will Be Assaulted Again. Defendant Wilson Failure To Protect Plaintiff (Criddle) Violated Plaintiffs' Right To Serious And Adequate Medical Treatment, And The Right To Be Free From Cruel And Unusual Punishment. In Violation Of The (1st), (4th), (14th), And (8th) Amendment Of The United States Constitution. (See Statement Of Claim Paragraphs #1 Through #25.)

( 36.) Defendant Megan. Is Employed With Corizon Medical Services. Defendant Megan Was A Nurse Assigned To Southeast Correctional Center. Defendant Megan Refused To Treat Plaintiff (Criddle) After Being Brutally Assaulted On January 29th, 2019. By Prisoner Harris. Defendant Megan Denied Plaintiff (Criddle) Serious Medical Treatment For Two Swollen Shut Eyes. Busted Nose. Busted Bottom And Top Lips. Split Forehead. And Extreme Pain In Back And Ribs. Defendant Megan Refused To Treat Plaintiff Inorder To Cover Up Defendants Wilson And Hansen Actions By Allowing Prisoner Harris To Brutally Assault Plaintiff. Defendant Megan Also Intent-

-ionally Denied And Destroyed Plaintiffs' Sick Call Request For Serious Medical Treatment. Defendant Megan Actions Was Deliberate Indifferent Towards Plaintiffs' Serious Injuries. Defendant Megan Actions Caused Plaintiff Pain And Suffering And Long Term Injuries. Defendant Megan Actions Violated Plaintiffs' Rights To Serious And Adequate Medical Treatment. And The Right To Be Free From Cruel And Unusual Punishment. In Violation Of The (1st), (4th), (14th) And (8th) Amendment Of The U.S. Constitution. (See Statement Of Claim Paragraphs #26 Through #29    ).

## III.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

From Being Brutally Assaulted while In Handcuff Restraints. I Recieved The Following Injuries: (2) Swollen Eyes; Busted Bloody Nose; Busted Bloody Lips (Bottom And Top); Split Forehead; Knots And Contusions; Blurry Double Vision; Severe Headaches; Extreme Pain; Sore Back And Ribs. I Was Denied Serious Medical Treatment. I've Been Denied Serious Medical Treatment Since January 29th, 2016

20 of 26

## IV.    Relief

State briefly and precisely what you want the Court to do for you. Do not make legal arguments. Do not cite any cases or statutes. If you are requesting money damages, include the amounts of any actual damages and/or punitive damages you are claiming. Explain why you believe you are entitled to recover those damages. I Want An Attorney, I Want A Trial By Jury I Want $500,000 Dollars In Punitive Damages, Because Of My Injuries, Pain And Suffering, And As Punishment To The State Prison For Placing Prisoners Life In Danger For No Justifiable Reasons. And For All Court Cost And Fee's Payed By Defendants.

## V.    Exhaustion of Administrative Remedies/Administrative Procedures

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes          ☐ No

If yes, name the jail, prison or other correctional facility where you were confined at the time of the events giving rise to your claim(s):

Southeast Correctional Center, Charleston, Missouri

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes          ☐ No          ☐ Do not know

C.    If yes, does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes          ☐ No          ☐ Do not know

If yes, which claim(s)? Excessive Force, Denial Of Serious Medical Treatment, Failure To Protect; Cruel And Unusual Punishment.

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes        ☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes        ☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

Southeast Correctional Center, Charleston, Missouri

2.    What did you claim in your grievance? (*Attach a copy of your grievance, if available*)

I Was Allowed To Be Assaulted In Handcuffs By Another Prisoner. I Was Then Assaulted By An Officer With Chemical Agent. And Denied Medical Treatment For My Serious Injuries.

3.    What was the result, if any? (*Attach a copy of any written response to your grievance, if available*)

I Submitted An I.R.R. (Informal Resolution Request) To The Prison Admindstration. This Is The First Step To The Prison Greivance Process. Theres Two Other Steps That Follows, The Greivance Phase (II), And The Final Step Is The Grievance Appeal (III). The Prison Administration Isn't Allowing Me To Fully Complete The Prison Greivance Process, I Have Att-

employee To Extend Out To I. Filed An Appeal. I Have Also Written Letters To The Warden And Other Prison Administration Authority Concerning Me Being Denied Access To The Prison Grievance System.

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (*Describe all efforts to appeal to the highest level of the grievance process.*)

I Have Made All Attempts To Exhaust My Available State Remedies Through The Prison Grievance Process. But I'm Being Denied. I'm Still Attempting To Access The Prison Grievance Process. (See Question #3). First Step(1) I.R.R (Informal Resolution Request) Still Pending.)

F.  If you did not file a grievance:

1.  If there are any reasons why you did not file a grievance, state them here:

(See Questions (3) And (4) )

2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

( See Questions (3) And (4) )

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

I'm Attempting To Exhaust All The Prison Administrative Remedies But The Prison Administration Is Denying Me Access.

(*Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.*)

## VI.    Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A.    To the best of your knowledge, have you ever had a case dismissed on the basis of this "three strikes rule"?

☐ Yes        ☑ No

If yes, state which court dismissed your case and when it was dismissed.  Attach a copy of the court's order, if possible.

Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes        ☑ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. (*If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.*)

1.    Parties to the previous lawsuit

Plaintiff _____

Defendant(s) _____

2.    Court (*if federal court, name the district; if state court, name the state and county*)

3.    Docket or case number _____

4.    Name of Judge assigned to your case _____

⊕

24 of 26

5. Approximate date of filing lawsuit _____

6. Is the case still pending?

   ☐ Yes

   ☐ No  (*If no, give the approximate date of disposition*):_____

7. What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

   ☐ Yes       ☑ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)

1. Parties to the previous lawsuit

Plaintiff_____

Defendant(s) _____

2. Court (*if federal court, name the district; if state court, name the state and county*)

3. Docket or case number _____

4. Name of Judge assigned to your case _____

5. Approximate date of filing lawsuit _____

6.    Is the case still pending?

☐ Yes

☐ No (*If no, give the approximate date of disposition*): _____

7.    What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

## VII.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __5th__ day of __May__ , 20_19_ .

Signature of Plaintiff _____