UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DANTE CRIDDLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:19 CV 79 RWS |
| | ) | |
| JASON LEWIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is before the Court on plaintiff's motion to compel defendants to produce copies of any written policies pertaining to inmates declaring enemies and/or requesting protective custody and the placement or housing of inmates who have declared enemies. As these policies (to the extent they exist) directly relate to plaintiff's claims in this case, the motion will be granted. Defendants are required to produce copies of any written policies described above **as well as** any other written policies that are relevant to the facts giving rise to plaintiff's claims, as previously ordered by the Court. *See* Doc. # 25. If no such written policies exist, defendants shall so state under oath by appropriately supplementing their discovery responses.

Plaintiff also complains that the video footage of the incident produced pursuant to this Court's Order of November 8, 2019 is not responsive to this

Court's Order because the video footage begins after the incident was over. The Court required defense counsel to produce a copy of this video footage to the Court. The Court has reviewed the footage and agrees with plaintiff that it is not responsive to this Court's Order of November 8, 2019. The video footage produced by defendants begins at 9:12 a.m., yet the incident giving rise to plaintiff's claim happened, by defendants' own admissions, at 9:05 a.m.[1] The "Use of Force Summary" prepared by defendant warden Jason Lewis indicates that there was a video recording of the use of force, and in his affidavit filed with the Court, defense counsel similarly represented that "a video recording showing the entire incident was thereafter located." (Doc. # 43-2). This video recording was not provided to the Court or to plaintiff, despite the Court's explicit instructions otherwise. As the video recording produced by defendant is not responsive to this Court's Order, the Court will require defendant to show cause why sanctions should not issue for defendants' failure to comply with the Court's Order. The Court also expects an explanation in the form of an affidavit from counsel as to why defendants failed to produce the relevant video recording of "the entire incident" despite his representation, as an officer of the Court, that such a video recording existed and was being produced to plaintiff and the Court.

---

[1] The video footage produced to the Court merely shows plaintiff sitting in a hallway after the incident is over, and additional video footage shows plaintiff's cellmate and attacker being led down the same hallway, again <u>after</u> the incident was over.

2

Finally, the Court will deny plaintiff's request to order defendant Hansen to respond to an IRR. The Court notes that, unlike defendant Crowe, defendant Hansen has not raised the issue of exhaustion as an affirmative defense to plaintiff's claim against him.

Accordingly,

**IT IS HEREBY ORDERED** that **defendants Jason Lewis, Benjamin Crass, Jason Wilson, and Cole Hansen shall show cause in writing no later than noon on Tuesday, January 14, 2020, why sanctions should not issue for their failure to comply with this Court's November 8, 2019 Order. Such explanation shall include an affidavit from counsel as described above.**

**IT IS FURTHER ORDERED** that **the video recording of the entire incident as described in plaintiff's complaint and attested to by defense counsel shall be produced to this Court along with the response to the Show Cause Order and defendants shall have made arrangements, by that same date, for plaintiff to view the recording**. If defendants are now contending that such a videotape is no longer in existence, they shall so state and defense counsel's affidavit shall include an explanation for such failure to produce the video recording previously described.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel [53] is granted to the following extent: **defendants shall produce to plaintiff copies of**

**any written policies pertaining to inmates declaring enemies and/or requesting protective custody and the placement or housing of inmates who have declared enemies, as well as any written policies that are relevant to the facts giving rise to plaintiff's claims by noon on January 14, 2020**. If no such written policies exist, defendants shall so state under oath by appropriately supplementing their discovery responses.  **To ensure compliance with this Order, defendants are required to file copies of any documents produced and/or supplemental discovery responses with the Court by no later than noon on January 14, 2020.**

    **IT IS FURTHER ORDERED** that plaintiff's motion to compel [52] is denied.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 8th day of January, 2020.