UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DANTE CRIDDLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:19 CV 79 RWS |
| | ) | |
| JASON LEWIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant Megan Crowe's motion for summary judgment. Plaintiff alleges that he was attacked by a fellow inmate and then maced by correctional officers on January 29, 2019, while he was incarcerated at Southeast Correctional Center in Charleston, Missouri. Plaintiff claims that he suffered injuries and requested medical attention, but that the prison's nurse, defendant Crowe, refused to properly examine him. Instead, he alleges that defendant Crowe looked at him through the cell door window, told him there was nothing seriously wrong with him, and then advised him to submit a sick call request. Plaintiff alleges that he then submitted numerous sick call requests but they were denied or destroyed by defendant Crowe. In his *pro se* complaint

brought under 42 U.S.C. § 1983, plaintiff contends that defendant Crowe was deliberately indifferent to his serious medical needs.[1]

Defendant Crowe moves for the dismissal of plaintiff's claim against her for failure to properly exhaust his administrative remedies. Because there is a genuine dispute as to whether plaintiff failed to properly exhaust his claim against defendant Crowe relating to medical care, defendant Crowe's motion will be denied.

Standards Governing Summary Judgment

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

---

[1] Plaintiff also brings claims against the prison warden and the correctional officers allegedly involved in the incident, but those claims are not at issue in the motion presently before the Court.

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## Discussion

Under the Prisoner Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), an inmate must exhaust all available administrative remedies before bringing a § 1983 suit. *See Jones v. Bock*, 549 U.S. 199, 211 (2007); *Burns v. Eaton,* 752 F.3d 1136, 1141 (8th Cir. 2014). Available remedies are "capable of use for the accomplishment of a purpose: immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (finding exhaustion does not require use of "all " remedies).

To properly exhaust administrative remedies, a prisoner must complete the administrative review process in accordance with the procedural rules as defined

3

by the applicable prison grievance process itself. *Jones*, 549 U.S. at 218-19. An inmate satisfies § 1997e(a) by pursuing "the prison grievance process to its final stage" to "an adverse decision on the merits." *Burns*, 752 F.3d at 1141. It does not matter that the inmate "subjectively believed that there was no point in his pursuing administrative remedies." *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002) (en banc). Nonexhaustion is an affirmative defense, and defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 211–12. Exhaustion is "mandatory" and unexhausted claims must be dismissed without prejudice. *Jones v. Bock*, 549 U.S. 199, 211 (2007).[2]

"Inmates are excused from exhausting remedies when officials have prevented prisoners from utilizing the procedures, or when officials themselves have failed to comply with the grievance procedures." *Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015) (internal quotation marks and citation omitted). "[A] remedy that prison officials prevent a prisoner from 'utilizing' is not an 'available' remedy under § 1997(e)(a) . . . ." *Miller*, 247 F.3d at 740. Plaintiff must present some evidence, other than mere conclusory statements, to demonstrate that he was precluded from fully exhausting his administrative remedies. *See Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005).

---

[2] Claims that are dismissed for failure to exhaust administrative remedies should be dismissed without prejudice. *See Sergent v. Norris*, 330 F.3d 1084, 1085 (8th Cir. 2003).

An inmate such as plaintiff who wishes to complain about his treatment while at Southeast Correctional Center must comply with the three-step grievance procedure for the Missouri Department of Corrections. First, an inmate must file an Informal Resolution Request (IRR) within 15 days of the alleged incident. If not resolved informally, the correctional center should respond as soon as practicable but within 40 days of receipt of the IRR. If the inmate receives an unfavorable response to his IRR, he must proceed to the second step and file a formal grievance within seven days of the denial of his IRR. Once again, the correctional center has 40 days to respond to the grievance. If the inmate receives an unsatisfactory response to his grievance, the third and file step of the grievance process is for the inmate to file an appeal. The appeal must be filed within seven days of the denial of the grievance, and any appeal should be resolved within 100 days of receipt. All three steps are necessary to exhaust the grievance procedure.

In support of her motion for summary judgment, defendant Crowe states that plaintiff has filed only one IRR, IRR SECC-19-567, that possibly relates to the medical treatment plaintiff received from defendant Crowe after the January 29, 2019 incident. IRR SECC-19-567 was filed by plaintiff on May 28, 2019 and alleges elbow pain resulting from being attacked on January 29, 2019. The IRR was denied on August 15, 2019, and plaintiff acknowledged that the response to his IRR was unsatisfactory on August 21, 2019. After the denial of IRR SECC-19-

567, plaintiff did not proceed to step 2 of the grievance process by filing a formal grievance. According to defendant Crowe, summary judgment is appropriate because even if IRR SECC-19-567 were timely and specifically named defendant Crowe, plaintiff still failed to exhaust his administrative remedies respecting his medical care by failing to timely file a formal grievance as required by step two of the grievance process.

After careful review of the entire record, the Court concludes that summary judgment on the issue of exhaustion is inappropriate at this time because there remains a genuine factual dispute as to whether plaintiff is excused from the exhaustion requirement. In his verified *pro se* complaint, plaintiff alleges that he attempted to address his complaints against defendant Crowe (and other defendants) through the prison's administrative grievance process but that he was denied access to available administrative remedies. Plaintiff also alleges in his verified complaint that he wrote the warden about the January 29, 2019 incident and being denied access to the grievance process. Exhibit A to the verified complaint purports to be a letter from plaintiff to the warden informing him of the alleged incident, including that defendant Crowe "denied me serious medical treatment for my injuries." Exhibit A also states that plaintiff is being denied access to the grievance process so he is unable to file an IRR. Exhibit A is

undated, but the complaint was filed on May 16, 2019, before the date of IRR SECC-19-567.

On the basis of the record before the Court at this time, the Court cannot conclude that plaintiff failed to exhaust his administrative remedies with respect to his complaints about the denial of medical care by defendant Crowe. While it appears that plaintiff did not fully exhaust his administrative remedies with respect to IRR SECC-19-567, there remains a genuine dispute as to whether plaintiff attempted to exhaust his administrative remedies prior to filing IRR SECC-19-567 but was denied access to the grievance process by prison officials. If true, then plaintiff could be excused from exhausting his administrative remedies. *See Miller*, 247 F.3d at 740. As plaintiff has presented more than just a conclusory statement that he was precluded from exhausting his administrative remedies and defendant Crowe has presented no evidence demonstrating the absence of a genuine dispute on this issue, the Court cannot determine that she is entitled to summary judgment at this time. Accordingly,

**IT IS HEREBY ORDERED** that defendant Crowe's motion for summary judgment [29] is denied.

                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE

Dated this 8th day of December, 2019.